IN THE SUPERIOR COURT



**FILED**
February 24, 2021
SX-2020-CV-00121
TAMARA CHARLES
CLERK OF THE COURT

## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| RAYMOND BERKELEY,<br><br>PLAINTIFF,<br><br>v.<br><br>MICHELE BERKELEY, INDIVIDUALLY AND AS TRUSTEE OF THE TRUST AGREEMENT OF BARBARA T. BERKELEY,<br><br>DEFENDANT. | Civil No. SX-2020-CV-121<br><br>ACTION FOR ACCOUNTING, SPECIFIC PERFORMANCE, BREACH OF FIDUCIARY DUTY, CONVERSION, BAD FAITH, and DECLARATION JUDGMENT<br><br>CITE AS: 2021 VI SUPER 22P |

**Appearances:**
**Andrew L. Capdeville, Esq.**
Law Offices of Andrew L. Capdeville, P.C.
St. Thomas, U.S. Virgin Islands
*For Plaintiffs*

**Yohana M. Manning, Esq.**
McChain Hamm & St. Jean, LLP
St. Croix, U.S. Virgin Islands
*For Defendant*

## MEMORANDUM OPINION

**WILLOCKS, Presiding Judge**

¶ 1    **THIS MATTER** came before the Court on Plaintiff Raymond Berkeley's (hereinafter "Plaintiff") motion to compel Defendant Michele Berkeley, individually and as Trustee of The Trust Agreement of Barbara T. Berkeley (hereinafter "Defendant") to respond to Plaintiff's discovery requests and abide by the scheduling order, filed on January 5, 2021. To date, Defendant has not filed an opposition thereto.

## BACKGROUND

¶ 2    On February 6, 2020, Plaintiff filed a complaint against Defendant in connection with Barbara T. Berkeley's trust established by The Trust Agreement of Barbara T. Berkeley, dated December 2, 1997. Plaintiff's complaint alleged the following causes of action: Count I-Specific

Performance, Count II-Breach of Fiduciary Duty, Count III-Unjust Enrichment, Count IV-Bad

Faith and Unfair Dealings, Count V-Conversion, and Count VI-Declaratory Judgment. On May 5,

2020, Defendant filed an answer. On September 8, 2020, the parties submitted a joint proposed

discovery and scheduling plan, which the Court approved and entered on September 28, 2020

(hereinafter "Scheduling Order"). According to the Scheduling Order, "[a]ll initial disclosures

pursuant to V.I. R. Civ. P. 26(a) shall be served on all parties not later than **October 1, 2020**" and

"[a]ll written interrogatories, requests for production of documents, and requests for admissions

shall be completed not later than **December 16, 2020**." (Scheduling Order) (emphasis in original)

¶ 3     On October 2, 2020, Plaintiff filed a notice of service of Plaintiff's initial disclosures

pursuant to Rule 26(a)(1)(A) of the Virgin Islands Rules of Civil Procedure. On October 30, 2020,

Plaintiff filed a notice of service advising the Court that the following documents were served on

Defendant via her counsel, Yohana M. Manning, Esq. on October 30, 2020: Plaintiff's first set of

interrogatories to Defendant, Plaintiff's first requests for admissions to Defendant, and Plaintiff's

first request for production of documents to Defendant. On January 5, 2021, Plaintiff filed this

instant motion. Plaintiff's motion included the following certification: "I hereby certify that

undersigned Counsel has in good faith conferred or attempted to confer with Defendant's Counsel

to make disclosure or discovery in an effort to obtain it without court action."

## STANDARD OF REVIEW

¶ 4     Motions related to discovery pursuant to Rules 26 through 37 of the Virgin Islands Rules

of Civil Procedure are governed by Rules 37 and 37.1 of the Virgin Islands Rules of Civil

Procedure (hereinafter "Rule 37" and "Rule 37.1," respectively). Rule 37 and Rule 37.1 mandates

that the moving party submit a certification with its motion certifying that both parties engaged in

substantive, good faith negotiations before filing a discovery motion. V.I. R. Civ. P. 37(a) and 37.1(a).[1]

¶ 5    Rule 37 permits a party seeking discovery to move for an order compelling disclosure, answer, designation, production, inspection, and for appropriate sanctions. *See* V.I. R. Civ. P. 37. "If the motion is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." V.I. R. Civ. P. 37(a)(5)(A). On the other hand "[i]f the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the

---

[1] Rule 37 provides:

> (a) Motion for an Order Compelling Disclosure or Discovery.
>
>> (1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
>
> V.I. R. Civ. P. 37(a).

Rule 37.1 provides:

> (a) Good Faith Negotiation Requirement.
>
> Prior to filing any motion relating to discovery pursuant to Rules 26 through 37, other than a motion relating to depositions under Rule 30, counsel for the parties and any self-represented parties shall confer in a good faith effort to eliminate the necessity for the motion -- or to eliminate as many of the disputes as possible.
>
> V.I. R. Civ. P. 37.1(a).

motion, including attorney's fees [b]ut the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." V.I. R. CIV. P. 37(a)(5)(B). And "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." V.I. R. CIV. P. 37(a)(5)(B). The "imposition of sanctions for abuse of discovery under Rule 37 is a matter within the discretion of the trial court."[2] *Davis v. Varlack Ventures, Inc.*, 59 V.I. 229, 236 (V.I. 2013); *see also, Pedro v. Ranger Am. of the V.I., Inc.*, 70 V.I. 251, 294 (Super. Ct. 2019); *see also, Molloy v. Independence Blue Cross*, 56 V.I. 155, 168 (V.I. 2012) (noting the trial court's broad discretion to control discovery).

## DISCUSSION

¶ 6     In his motion, Plaintiff requested the Court to enter an order compelling Defendant to "respect the previously-submitted Discovery Plan and tender her outstanding discovery responses." (Motion, p. 5) Plaintiff made the following assertions in support of his request: (i) "The parties' respective counsels have corresponded and conferred regarding the outstanding discovery without resolution of the impasse." (Id., at p. 2); (ii) "Defendant never served any discovery requests on Plaintiff and, according to the scheduling order, is precluded from propounding written discovery." (Id.); (iii) "[T]he parties have conferred regarding Plaintiff's outstanding discovery requests. Plaintiff granted Defendant an extension on November 23, 2020 and again—albeit reluctantly—on December 10, 2020."[3] (Id., at p. 3); (iv) "Two years have passed

---

[2] The *Davis* court was addressing Rule 37 of Federal Rules of Civil Procedure (hereinafter "Federal Rule 37"). Rule 37 was modeled after Federal Rule 37. Thus, the Court finds the discussion in *Davis* applicable in this instance.

[3] Plaintiff explained in his motion:

> Counsel for Defendant contacted Plaintiff's attorney on November 23, 2020, to request an extension through December 11, 2020, in order to accommodate Defendant's service as a medical professional during the ongoing pandemic. That request was granted without objection. However, on December 10, 2020, counsel

since the death of the parties' mother, Barbara Berkeley, and yet her wishes for the distribution of

her assets to her children has yet to be honored." (Id., at p. 4); (v) "Defendant failed to tender her

responses as required by the Rules of Civil Procedure, the Court-approved Discovery Plan, or the

Defendant's own proposed deadline of December 18, 2020." (Id.); (vi) "Defendant's actions are

contemptuous and deserve sanction by this Court." (Id.); and (vii) "Given that the Trust remains

shrouded in mystery and without adequate accounting, the possibility that assets are being wasted

or absconded while Defendant tarries, remains plausible." (Id.) As such, Plaintiff also requested

the Court to enter an order "sanctioning Defendant in the amount of the fees and costs associated

with the instant Motion to Compel and any litigation thereof." (Id., at p. 5)

¶ 7     The Court will note at the outset that the Court finds Plaintiff's good faith negotiations

certification included in his motion satisfactory and in compliant with Rule 37 and Rule 37.1.

### 1. Plaintiff's Motion as to Defendant's Failure to Disclose

¶ 8     Rule 26 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 26") requires

that, "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court,

a party must, without awaiting a discovery request, provide to the other parties" certain information

and documents.[4] Rule 37 governs Rule 26 violations. Rule 37 provides that "[i]f a party fails to

---

for Defendant again requested delay, promising to complete discovery in "an additional two weeks."
Plaintiff's counsel did not consent to the request but, in an attempt to accommodate Defendant, requested
that discovery be tendered within one week. The undersigned reached out to Defendant's attorney on
December 15, 2020, inquiring of the status. Defendant promised to complete discovery by Friday, December
18, 2020. That deadline passed without the outstanding discovery being completed. On December 22, 2020,
Defendant's attorney requested an unspecified amount of "additional time," citing Defendant's role as a
physician and "first responder."

(Motion, pp. 2-3)

[4] Rule 26 provides:

(a) Required Disclosures.

(1) *Initial Disclosure.*

make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." V.I. R. Civ. P. 37(a)(3)(A). Under Rule 37, the sanctions for failure to disclose or supplement may include: "the party...not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless" and "[i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."[5]

---

(A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment, unless it would be unduly burdensome to produce a copy of an item, in which case each item must be clearly identified, along with a statement as to why each cannot readily be copied, and including a description of the location where each can be reviewed;

(iii) a computation of each category of damages claimed by the disclosing party -- with all supporting documents in the party's control produced as received -- unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) a copy of any insurance agreement -- primary or otherwise -- under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment, and any documents received from insurers that relate to any reservation of rights or denial of coverage.

V.I. R. Civ. P. 26(a)(1)(A)(i)-(iv).

[5] Rule 37(b)(2)(A)(i)-(vi) provides:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or

V.I. R. Civ. P. 37(b)(2)(A)(i)-(vi).

V.I. R. CIV. P. 37(c)(1). In discussing Rule 37 sanctions for Rule 26 violations, the Virgin Islands

Supreme Court clarified in *Davis* that "[s]ubstantial justification for failing to disclose 'is satisfied

if there exists a genuine dispute concerning compliance.'" *Davis*, 59 V.I. at 236. The Virgin Islands

Supreme Court further clarified that, when determining whether a violation is harmless, the court

should consider a number of factors: "prejudice or surprise to the opposing party; the ability of the

party to cure that prejudice; the likelihood of disruption at trial; and the bad faith or willfulness of

the violating party." *Id.*, at 237.

¶ 9     Here, Defendant violated Rule 26 when he failed to timely serve his initial disclosures.

Defendant did not argue—since Defendant did not file an opposition—that the "failure was

substantially justified" or that the failure "is harmless." While the Court does not find the failure

substantially justified, the Court finds, in weighing the factors outlined by the *Davis* court, the

failure harmless—to wit, Defendant has the ability to cure any prejudice the failure may have

caused thus far and this matter is still in the early stages so no likelihood of disruption at trial, and

these factors outweigh any potential bad faith or willfulness of the violating party. The Court is

cognizant of Virgin Islands Supreme Court's longstanding instruction "that the preference is to

decide cases on their merits" and "that any doubts should be resolved in favor of this preference."

*Sarauw v. Fawkes*, 66 V.I. 253, 265 (V.I. 2017) (quoting *Fuller v. Browne*, 59 V.I. 948, 956 (V.I.

2013) (quoting *Spencer v. Navarro*, 2009 V.I. Supreme LEXIS 25, at *9 (V.I. 2009)

(unpublished)). Thus, at this juncture, the Court will grant Plaintiff's motion as to Defendant's

failure to serve initial disclosures, order Defendant to serve her initial disclosures, and order

Defendant, Defendant's counsel, or both to pay the reasonable expenses, including attorney's fees,

caused by the failure. *See, Pedro*, 70 V.I. at 294 (quoting *Davis*, 59 V.I. at 236 (2013) (The

"imposition of sanctions for abuse of discovery [procedures] under [V.I. R. CIV. P.] 37 is a matter

within the discretion of the trial court.")); *see also*, V.I. R. Civ. P. 37(a)(5)(A) ("If the motion is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). In support of its order of payment of reasonable expenses, the Court finds that (i) Plaintiff filed the motion after attempting in good faith to obtain the disclosure or discovery without court action, (ii) Defendant's nondisclosure, response, or objection was not substantially justified; and (iii) no other circumstances make an award of expenses unjust. *See* V.I. R. Civ. P. 37(a)(5)(A).

### 2. Plaintiff's Motion as to Defendant's Failure to Respond to Interrogatories and Requests for Production

¶ 10    Rule 33 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 33") permits a party to serve on any other party written interrogatories, V.I. R. Civ. P. 33(a), and requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." V.I. R. Civ. P. 33(b)(3). Rule 34 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 34") permits a party to serve on any other party requests for production of documents or tangible things to inspect and requests for entry, V.I. R. Civ. P. 34(a), and requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons" and "the responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection." V.I. R. Civ. P. 34(b)(2)(B). Under Rule 34, "[t]he production must then be completed no later than the time for

inspection specified in the request or another reasonable time specified in the response." V.I. R. CIV. P. 34(b)(2)(B). Rule 37 governs Rule 33 and Rule 34 violations.

¶ 11 Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection…if: … (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34," V.I. R. CIV. P. 37(a)(3)(B)(iii)-(iv), and that "[t]he court may, on motion, order sanctions" for such Rule 33 and Rule 34 violations. V.I. R. CIV. P. 37(d)(1)(A)(ii). Rule 37 further provides that "[a] failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." V.I. R. CIV. P. 37(d)(2). Under Rule 37, "[s]anctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)"[6] and "[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." V.I. R. CIV. P. 37(d)(3).

¶ 12 Here, Defendant violated Rule 33 and Rule 34 when he failed to timely respond to Plaintiff's first set of interrogatories and Plaintiff's first request for production of documents. There is no pending motion for a protective order under Rule 26(c) so Defendant's failure is not excused. Defendant did not argue—since Defendant did not file an opposition—and the Court does not find that the "failure was substantially justified or other circumstances make an award of expenses unjust." *See Davis*, 59 V.I. at 236 ("Substantial justification for failing to disclose 'is

---

[6] *See supra*, footnote 4.

satisfied if there exists a genuine dispute concerning compliance.'").[7] Thus, at this juncture, the Court will grant Plaintiff's motion as to Defendant's failure to respond to Plaintiff's first set of interrogatories and Plaintiff's first request for production of documents, order Defendant to serve her responses to Plaintiff's first set of interrogatories and Plaintiff's first request for production of documents, and order Defendant, Defendant's counsel, or both to pay the reasonable expenses, including attorney's fees, caused by the failure. *See, Pedro*, 70 V.I. at 294 (quoting *Davis*, 59 V.I. at 236 (2013) (The "imposition of sanctions for abuse of discovery [procedures] under [V.I. R. CIV. P.] 37 is a matter within the discretion of the trial court.")); *see also*, V.I. R. CIV. P. 37(a)(5)(A) ("If the motion is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). In support of its order of payment of reasonable expenses, the Court finds that (i) Plaintiff filed the motion after attempting in good faith to obtain the disclosure or discovery without court action, (ii) Defendant's nondisclosure, response, or objection was not substantially justified; and (iii) no other circumstances make an award of expenses unjust. *See* V.I. R. CIV. P. 37(a)(5)(A).

---

[7] The *Davis* court provided the clarification for "substantial justification" while discussing Rule 37 sanctions for Rule 26 violations. Nevertheless, the phrase "substantially justified" is used throughout Rule 37 and the Court finds no reason to attribute a different standard or meaning to the same phrase within the same rule, and thereby, the Court also finds the clarification for "substantial justification" set forth in *Davis* applicable for Rule 37 sanctions for Rule 33 and Rule 34 violations.

### 3. Plaintiff's Motion as to Defendant's Failure to Respond to Requests for Admissions

¶ 13    Rule 36 of Virgin Islands Rules of Civil Procedure (hereinafter "Rule 36") permits a party to serve on any other party written requests for admissions, V.I. R. CIV. P. 36(a), and "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." V.I. R. CIV. P. 36(a)(3). "A matter admitted under this [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." V.I. R. CIV. P. 36(b). However, "[a]n admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." Id. Furthermore, "[w]hile Rule 36 allows a party to request an admission of 'the application of law to fact,' requests for purely legal conclusions are not permitted under Rule 36 ... because it could lead to parties stipulating to the law."[8] *Watson v. Gov't of the Virgin Islands*, 2017 V.I. LEXIS 43, *10-12 (Super. Ct. March 7, 2017); *see Matthew v. Herman*, 56 V.I. 674, 682 (V.I. 2012) ("parties cannot stipulate to the law, especially in a situation...where the decision may impact other pending or future cases"); *see also, Der Weer v. Hess Oil V.I. Corp.*, 64 V.I. 107, 2016 V.I. LEXIS 21, *54 ("the parties cannot stipulate to the law, not explicitly by agreeing on the applicable law, or implicitly by not questioning what law applies") (internal quotation marks and citations omitted). Rule 37 governs Rule 36 violations where "a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true." V.I. R. CIV. P. 37(c)(2).

---

[8] The *Watson* court was addressing Rule 36 of Federal Rules of Civil Procedure (hereinafter "Federal Rule 36"). Rule 36 was modeled after Federal Rule 36. Thus, the Court finds the discussion in *Watson* applicable in this instance.

¶ 14    Here, based on the record, Plaintiff served Defendant with, inter alia, Plaintiff's first requests for admissions on October 30, 2020, and to date, Defendant has not served her responses thereto. While Plaintiff's motion did not specifically move to deem facts admitted,[9] it is not necessary to do so. Under Rule 36(a)(3), matters contained in Plaintiff's requests for admissions— provided that the requests fall within the scope of Rule 36(a)(1)—were automatically deemed admitted since more than thirty days have passed after Defendant was served and Defendant has not responded with written answers or objections. V.I. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). As such, the Court must review the requests for admissions and make a finding as to which requests fall within the scope of Rule 36(a)(1). *See Watson*, 2017 V.I. LEXIS 43 at *12 ("Thus, when the Court granted Plaintiff's motions to deem facts admitted against Defendant Governor and Defendant GVI, the Court should have specified in its orders, entered on July 9, 2013 and August 12, 2013, that only those requests that fall within the scope of Rule 36(a)(1) are deemed admitted and made a finding as to which requests fall within the scope of Rule 36(a)(1)."). However, Plaintiff did not include a copy of Plaintiff's first requests for admissions with this motion. Thus, at this juncture, the Court will grant Plaintiff's motion as to Defendant's failure to respond to Plaintiff's first requests for admissions, order Plaintiff to file a copy of Plaintiff's first requests for admissions, reserve ruling on which requests fall within the scope of Rule 36(a)(1), and order Defendant, Defendant's counsel, or both to pay the reasonable expenses, including attorney's fees, caused by the failure. *See, Pedro*, 70 V.I. at 294 (quoting *Davis*, 59 V.I. at 236

---

[9] In his motion, Plaintiff moved "for an order from this Court compelling Defendant to…tender her outstanding discovery responses." (Motion, p. 5)

(2013) (The "imposition of sanctions for abuse of discovery [procedures] under [V.I. R. CIV. P.] 37 is a matter within the discretion of the trial court.")); *see also,* V.I. R. CIV. P. 37(a)(5)(A) ("If the motion is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). In support of its order of payment of reasonable expenses, the Court finds that (i) Plaintiff filed the motion after attempting in good faith to obtain the disclosure or discovery without court action, (ii) Defendant's nondisclosure, response, or objection was not substantially justified; and (iii) no other circumstances make an award of expenses unjust. *See* V.I. R. CIV. P. 37(a)(5)(A).

### 4. Plaintiff's Motion as to Defendant's Failure to Comply with the Scheduling Order

¶ 15    Rule 37 provides that "[i]f a party or a party's officer, director, or managing agent -- or a witness designated under Rule 30(b)(6) or 31(a)(4) -- fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders," including sanctions listed in Rule 37(b)(2)(A)(i)-(vii),[10] and "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the

---

[10] Rule 37(b)(2)(A)(i)-(vi) provides:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> V.I. R. CIV. P. 37(b)(2)(A)(i)-(vii).

attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust" pursuant to V.I. R. CIV. P. 37(b)(2)(C).

¶ 16     Here, Defendant violated the Scheduling Order when Defendant failed to provide the initial disclosures, failed to respond to Plaintiff's discovery requests, and failed to propound written discovery before the expiration of the deadlines set forth in the Scheduling Order. Defendant did not argue—since Defendant did not file an opposition—and the Court does not find that the "failure was substantially justified or other circumstances make an award of expenses unjust." *See Davis*, 59 V.I. at 236 ("Substantial justification for failing to disclose 'is satisfied if there exists a genuine dispute concerning compliance.'").[11] Thus, at this juncture, the Court will grant Plaintiff's motion as to Defendant's failure to comply with the Scheduling Order, order that Defendant is prohibited, unless Defendant obtains leave from the Court, from propounding written interrogatories, requests for production of documents, and requests for admissions in this matter since the deadline set forth in the Scheduling Order expired on December 16, 2020, and order Defendant, Defendant's counsel, or both to pay the reasonable expenses, including attorney's fees, caused by the failure. *See, Pedro*, 70 V.I. at 294 (quoting *Davis*, 59 V.I. at 236 (2013) (The "imposition of sanctions for abuse of discovery [procedures] under [V.I. R. CIV. P.] 37 is a matter within the discretion of the trial court.")); *see also*, V.I. R. CIV. P. 37(a)(5)(A) ("If the motion is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's

---

[11] *See supra*, footnote 6. The court similarly finds the clarification for "substantial justification" set forth in *Davis* applicable for Rule 37 sanctions for violations of the Scheduling Order.

reasonable expenses incurred in making the motion, including attorney's fees."). In support of its order of payment of reasonable expenses, the Court finds that (i) Plaintiff filed the motion after attempting in good faith to obtain the disclosure or discovery without court action, (ii) Defendant's nondisclosure, response, or objection was not substantially justified; and (iii) no other circumstances make an award of expenses unjust. *See* V.I. R. Civ. P. 37(a)(5)(A).

¶ 17 Defendant is reminded to comply with the Scheduling Order going forward and failure to comply may result in further sanctions. V.I. R. Civ. P. 37(b)(2)(A)(vii) ("treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination"); *see also,* Title 14 V.I.C. § 581 ("Every court of the Virgin Islands shall have the power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other as — … (3) disobedience or resistance to its lawful writ, process, order, rule decree, or command.").

## CONCLUSION

¶ 18 Based on the foregoing, the Court will: (i) grant Plaintiff's motion in its entirety as to Defendant's failure to disclose, Defendant's failure to respond to interrogatories, Defendant's failure to respond to requests for production, Defendant's failure to respond to requests for admissions, and Defendant's failure to comply with the Scheduling Order, (ii) order Defendant to serve Plaintiff with a copy of her initial disclosures, (iii) order Defendant to serve Plaintiff with a copy of her responses to Plaintiff's first set of interrogatories and Plaintiff's first request for production of documents, (iv) order that Defendant is prohibited, unless Defendant obtains leave from the Court, from propounding written interrogatories, requests for production of documents, and requests for admissions in this matter, (v) order a hearing scheduled to give Defendant and Defendant's counsel the opportunity to be heard with regard to the Court's sanctions—to wit, the payment of reasonable expenses, including attorney's fees, (vi) order Plaintiff to file a notice

advising the Court of the reasonable expenses Plaintiff incurred as the result of Defendant's failure to disclose, Defendant's failure to respond to interrogatories, Defendant's failure to respond to requests for production, Defendant's failure to respond to requests for admissions, and Defendant's failure to comply with the Scheduling Order, with supporting documents, if any, and (vii) order Plaintiff to file a copy of Plaintiff's first requests for admissions and reserve ruling on which requests fall within the scope of Rule 36(a)(1). An order consistent with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this ___24th___ day of February, 2021.

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

# SUPERIOR COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| **RAYMOND BERKELEY,** | |
| PLAINTIFF, | **Civil No. SX-2020-CV-121** |
| v. | **ACTION FOR ACCOUNTING, SPECIFIC PERFORMANCE, BREACH OF FIDUCIARY DUTY, CONVERSION, BAD FAITH, and DECLARATION JUDGMENT** |
| **MICHELE BERKELEY, INDIVIDUALLY AND AS TRUSTEE OF THE TRUST AGREEMENT OF BARBARA T. BERKELEY,** | |
| DEFENDANT. | **CITE AS: 2021 VI SUPER 22P** |

**Appearances:**
**Andrew L. Capdeville, Esq.**
Law Offices of Andrew L. Capdeville, P.C.
St. Thomas, U.S. Virgin Islands
*For Plaintiffs*

**Yohana M. Manning, Esq.**
McChain Hamm & St. Jean, LLP
St. Croix, U.S. Virgin Islands
*For Defendant*

## ORDER

**WILLOCKS, Presiding Judge**

In accordance with the Memorandum Opinion entered contemporaneously herewith, it is hereby:

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff Raymond Berkeley's (hereinafter "Plaintiff") motion to compel Defendant Michele Berkeley, individually and as Trustee of The Trust Agreement of Barbara T. Berkeley (hereinafter "Defendant") to respond to Plaintiff's discovery requests and abide by the scheduling order, filed on January 5, 2021, is **GRANTED** in its entirety as to Defendant's failure to disclose, Defendant's failure to respond to interrogatories, Defendant's failure to respond to requests for production, Defendant's failure to

respond to requests for admissions, and Defendant's failure to comply with the Scheduling Order.

It is further:

**ORDERED** that, **within seven (7) days from the date of entry of this Order,** Defendant

shall serve Plaintiff with a copy of her initial disclosures. It is further:

**ORDERED** that, **within seven (7) days from the date of entry of this Order,** Defendant

shall serve Plaintiff with a copy of her responses to Plaintiff's first set of interrogatories and

Plaintiff's first request for production of documents. It is further:

**ORDERED** that Defendant is prohibited, unless Defendant obtains leave from the Court,

from propounding written interrogatories, requests for production of documents, and requests for

admissions in this matter. It is further:

**ORDERED** that Defendant and Defendant's counsel appear a hearing via Zoom on

April 22 , 2021 at 9:00 **a.m./p.m.** to be

heard with regard to the Court's sanctions—to wit, the payment of reasonable expenses, including

attorney's fees. It is further:

**ORDERED** that, **within fifteen (15) days from the date of entry of this Order,** Plaintiff

shall file a notice advising the Court of the reasonable expenses Plaintiff incurred as the result of

Defendant's failure to disclose, Defendant's failure to respond to interrogatories, Defendant's

failure to respond to requests for production, Defendant's failure to respond to requests for

admissions, and Defendant's failure to comply with the Scheduling Order, with supporting

documents, if any. **And** it is further:

**ORDERED** that, **within fifteen (15) days from the date of entry of this Order,** Plaintiff

shall file a copy of Plaintiff's first requests for admissions. The Court will reserve ruling on which

requests fall within the scope of Rule 36(a)(1) pending receipt of Plaintiff's submission.

**DONE and so ORDERED this** 24th **day of February, 2021.**

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**